**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

JACK RAYMOND, JR.,

:

Petitioner, Case No. 2:10-cv-187

: District Judge Gregory L. Frost

-vs- Magistrate Judge Michael R. Merz

MICHAEL SHEETS, Warden, Ross Correctional Institution

:

Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court for decision on the merits upon the Petition (Doc. No. 3), Petitioner's Memorandum in Support (Doc. No. 7), the Respondent's Answer/Return of Writ (Doc. No. 10), and Petitioner's Reply (Doc. No. 14).

## Procedural History

Mr. Raymond was indicted by the Franklin County Grand Jury on one count each of aggravated robbery, kidnapping, felonious assault, intimidation, and having weapons under disability and two counts of robbery. Firearms specifications were attached to all counts except having weapons under disability. A repeat violent offender specification was attached to the counts of aggravated robbery, kidnapping, felonious assault, and one count of robbery. One repeat violent offender specification was dismissed before trial, along with the felonious assault count. Raymond then waived his jury trial right as to the weapons under disability count and all

the remaining repeat violent offender specifications.  The judge found him guilty on the matters tried to the bench and the jury found him guilty on all counts tried to them.  He was then sentenced to an aggregate sentence of thirty-six years imprisonment which he is serving in Respondent's custody.

Raymond's conviction was affirmed on direct appeal and the Ohio Supreme Court declined jurisdiction over a further appeal.  Raymond filed two applications to reopen the direct appeal under Ohio R. App. P. 26(B).  The first was denied on May 26, 2009, and no appeal was taken to the Ohio Supreme Court.  The second was denied December 22, 2009.  Here, too, Raymond took no appeal to the Ohio Supreme Court.  Instead, he filed the instant Petition on February 18, 2010, pleading the following grounds for relief:

> **Ground One:** The evidence was insufficient to prove the elements of the repeat violent offender specification.
>
> **Supporting Facts:** The State failed to prove beyond a reasonable doubt that Petitioner was a repeat violent offender without fulfilling the elements of the offense.
>
> **Ground Two:** Petitioner is factually innocent of the crimes he was accused of.
>
> **Supporting Facts:** The victim in this case described the wrong man who robbed him at gunpoint. Petitioner has alibi witnesses who can verify his whereabouts at the time the robbery was committed.

(Petition, Doc. No. 3, PageID 28-29.)

## Analysis

### Ground One: Insufficient Evidence

In his first Ground for Relief, Raymond asserts there was insufficient evidence presented to convict him on the repeat violent offender specifications. These specifications were tried to the bench, Common Pleas Judge Beverly Y. Pfeiffer presiding, with Raymond's consent. Judge Pfeiffer signed and filed separate guilty verdicts on the specifications (Return of Writ, Doc. No. 10, Ex. 4 as to Count 4; Ex. 5 as to Count 1; PageID 102-103). These two specifications were merged in the Judgment (Return of Writ, Ex. 7, PageID 110).

On appeal, Raymond asserted in his first assignment of error that there was insufficient evidence to convict him of the repeat violent offender specifications because the judgment entry from the prior case, State's Ex. 17, did not bear the judge's signature nor a time-stamp showing when it was journalized. (Appellant's Brief, Return of Writ, Doc. No. 10, Ex. 12, PageID 134-136.) Raymond argued that Exhibit 17 did not comply with the requirements of Ohio R. Crim. P. 32(C) and therefore did not meet the requirements of Ohio Revised Code §§ 2945.75(B)(1) or 2941.149(C) for proving a prior conviction. *Id.* This meant, Raymond's counsel concluded, that the convictions for the repeat violent offender specifications and weapons under disability count[1] were not supported by sufficient evidence. *Id.* at PageID 136.

The Franklin County Court of Appeals decided this assignment of error as follows:

> Defendant's first assignment of error asserts the state presented insufficient evidence of a prior conviction to support defendant's convictions under the repeat violent offender specification and the having a weapon while under disability charge. Although the state presented a time-stamped, certified copy of an entry purporting to

[1] Mr. Raymond does not challenge the weapons under disability conviction in this habeas proceeding.

sentence defendant for robbery in violation of R.C. 2911.02, defendant contends the copy fails to meet the state's burden of proof because it is unsigned.

Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 1997 Ohio 52, 678 N.E.2d 541. Sufficiency is a test of adequacy. Id. We construe the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; *State v. Conley* (Dec. 16, 1993), Franklin App. No. 93AP-387, 1993 Ohio App. LEXIS 6050.

Pursuant to R.C. 2929.01(DD), a repeat violent offender is a person who, as relevant here, (1) is being sentenced for committing or for complicity in committing any felony of the first or second degree that is an offense of violence, or an attempt to commit any of those offenses, and (2) previously was convicted of or pleaded guilty to an offense of violence, or an attempt to commit such an offense, and the offense is a first or second-degree felony. The trial court is charged with determining whether an offender is a repeat violent offender, but a trial court's determination that an offender is "a repeat violent offender is precluded unless the indictment specifies that the offender is a repeat violent offender." R.C. 2941.149(A) and (B).

Here, the parties do not dispute that (1) defendant was being sentenced for aggravated robbery and kidnapping, first-degree felonies that are offenses of violence, (2) the indictment charged defendant with being a repeat violent offender because he was convicted in 1979 of a second-degree felony, robbery, in violation of R.C. 2911.02, an offense of violence, and (3) both the offense for which defendant was being sentenced, as well as the underlying prior conviction charged in the indictment, meet the statutory terms for finding defendant to be a repeat offender. Instead, the dispute centers on whether the state's proof of defendant's 1979 conviction alleged in the indictment is sufficient when the certified entry the state submitted and the trial court admitted over objection lacks the judge's signature.

The same issue arises under defendant's conviction for having a weapon while under disability. R.C. 2923.13 precludes a person from acquiring, having, carrying, or using any firearm or dangerous ordnance if the person has been convicted of any felony

offense of violence. R.C. 2923.13(A)(2). Again, defendant does not contend that the prior conviction alleged in the indictment is not an offense of violence; he contends the state failed to prove it with sufficient evidence because the judge did not sign the entry the state submitted as proof of defendant's 1979 conviction.

**A. Proof of a prior conviction under R.C. 2945.75(C)**

"Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment of such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such conviction." R.C. 2945.75(B)(1). Crim.R. 32(C) defines a "judgment," specifying that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." (Emphasis added.)

For purposes of proving a prior conviction pursuant to R.C. 2945.75(B)(1), the "certified copy of the entry of judgment" of a prior conviction must be a correct "judgment of conviction" as defined in Crim.R. 32(C), including the rule's requirement that "the judge shall sign the judgment." See *State v. Henderson* (1979), 58 Ohio St.2d 171, 389 N.E.2d 494, paragraph two of the syllabus, and 177-179 (holding that "to constitute a prior conviction for a theft offense, there must be a judgment of conviction, as defined in Crim.R. 32[C], for the prior offense"); *State v. Baker*, 119 Ohio St.3d 197, 2008 Ohio 3330, 893 N.E.2d 163, syllabus (explaining Crim.R. 32[C] and holding "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth * * * the signature of the judge"); *State v. Anderson*, Cuyahoga App. No. 87136, 2006 Ohio 3905 (finding a judgment of conviction the judge did not sign not to be a final appealable order); *State v. Brock*, Hamilton App. No. C-020819, 2003 Ohio 3199 (finding no "conviction" and no final appealable order where a magistrate, who presided over bench trial, signed the judgment). The unsigned entry the state submitted into evidence is not a judgment of conviction as defined in Crim.R. 32(C) because the judge who presided over the case did not sign it.

A "judgment" that complies with the requirements of Crim.R. 32(C) is not the only manner of establishing the offender's prior conviction pursuant to R.C. 2945.75. See, generally, *State v. Raymond* (Nov. 9, 1989), Franklin App. No. 89AP-356, 1989 Ohio App. LEXIS 4194 ("Raymond I"). The plain language of the

statute allows, but does not require, the use of a "certified copy of the entry of judgment" to prove a prior conviction. *State v. Ward* (1999), 130 Ohio App.3d 551, 559, 720 N.E.2d 603 (stating that "[a] certified copy of a judgment entry of a prior conviction is not the exclusive method to prove a prior conviction"); *State v. Chaney* (1998), 128 Ohio App.3d 100, 105, 713 N.E.2d 1118 (noting the statute "sets forth one way, but not the exclusive way, of proving prior convictions"); *State v. Frambach* (1992), 81 Ohio App.3d 834, 843, 612 N.E.2d 424 (observing that "R.C. 2945.75[B] sanctions merely one means of proving a prior conviction but not the only one"); *State v. Cotton* (July 14, 1994), Cuyahoga App. No. 64361, 1994 Ohio App. LEXIS 3134, citing *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361 (concluding defendant's stipulation to fact of prior conviction is sufficient to sustain the enhancement of his sentence).

The issue then is whether, absent a valid judgment of conviction for the 1979 offense, sufficient other evidence exists to establish the fact of defendant's 1979 conviction for an offense of violence. Admissible evidence in this case includes the testimony of Rita Schmidt, a fingerprint technician with the Columbus Division of Police. She brought with her to trial the arrest report establishing Jack Raymond was arrested on January 8, 1979; the report, admitted as State's Exhibit 19 without objection, included his fingerprints. The witness then took fingerprints from the defendant in the courtroom, compared the fingerprints, and concluded the fingerprints of defendant sitting in the courtroom were those of the same man arrested, fingerprinted, and identified in State's Exhibit 19. The arrest report supports State's Exhibit 18, the 1979 indictment in Franklin County Common Pleas Court case No. 79CR-01-72B that charged defendant with the robbery of a Stop-N-Go store in Franklin County on January 8, 1979. Nonetheless, absent the judgment of conviction the prosecution proffered, none of the other evidence the state offered was sufficient to establish defendant's conviction for the offenses charged in the 1979 indictment and supported in the arrest report.

In response, the state contends that, even if the unsigned judgment entry is insufficient to prove defendant's prior conviction, this court may take judicial notice of defendant's 1979 conviction addressed in our 1989 opinion rendered in *Raymond I, supra*.

**B. Proof of a prior conviction through judicial notice**

"A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the

appeal on the basis of the new matter." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004 Ohio 6110, at P13, 818 N.E.2d 1157, *citing State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, at paragraph one of the syllabus. A court, however, may take judicial notice of adjudicative facts pursuant to Evid.R. 201. According to the rule, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." (Emphasis added.) Evid.R. 201(B). While Evid.R. 201(C) allows a court to take judicial notice whether or not Evid.R. 201(E) provides that "[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken." Finally, Evid.R. 201(F) specifies that "[j]udicial notice may be taken at any stage of the proceeding." The state contends Evid.R. 201 allows this court to take judicial notice of the adjudicative facts found in *Raymond I*, supra.

Although an appellate court's ability to take judicial notice is not unbridled, the Supreme Court of Ohio has held that appellate courts may take judicial notice of findings in other Ohio cases. See *Morgan v. Cincinnati* (1986), 25 Ohio St.3d 285, 287-288, 25 Ohio B. 337, 496 N.E.2d 468. See, also, *In re Adoption of Lassiter* (1995), 101 Ohio App.3d 367, 374, 655 N.E.2d 781; *Szerlip v. Szerlip*, Knox App. No. 01CA09, 2002 Ohio 2541 (concluding that, in temporarily suspending appellant's parental rights, the court could take judicial notice of appellant's conviction in another case). Cf. *State v. Velez* (1991), 72 Ohio App.3d 836, 596 N.E.2d 545 (holding the trial court erred in taking judicial notice of the fact that a prior judgment entry was for a conviction of drug trafficking where the judgment entry recited only a plea of guilty to enumerated counts of an indictment but did not indicate the conviction was for a drug abuse offense and lacked other evidence that identified the conviction offenses). Even so, the "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonabl[y] be questioned." *Squire v. Geer*, 117 Ohio St.3d 506, 2008 Ohio 1432, at P12, 885 N.E.2d 213, certiorari denied, 129 S. Ct. 421, 172 L. Ed. 2d 289.

The "fact" at issue here is whether defendant has a 1979 conviction

for an offense of violence; the question is whether it is "not subject to reasonable dispute" under Evid.R. 201. See *Squire, supra* (concluding a report pertaining to election matters that was prepared as part of a project the secretary of state initiated did not contain facts that are not "subject to reasonable dispute"). Defendant undisputedly challenges the "fact" at issue, but the issue resolves to whether it is subject to "reasonable" dispute in light of this court's findings in *Raymond I*, coupled with the admitted evidence in this case.

In the trial of defendant's 2007 indictment, Rita Schmidt's testimony and State's Exhibits 18 and 19 establish that this defendant, Jack Raymond, was arrested and indicted for a robbery of a Stop-N-Go in Franklin County on January 8, 1979 in case No. 79CR-01-72B; the same facts are referenced in this court's decision in *Raymond I*. Although the 1979 entry admitted during the trial in this case cannot be used to prove defendant's 1979 conviction because the document does not comply with Crim.R. 32(C), *Raymond I* expressly notes that Jack Raymond's 1979 conviction was in case No. 79CR-01-72B, the same case number identifying the indictment admitted as State's Exhibit 18 in this case.

As a result, we are presented with a direct and substantial connection between the defendant's 1979 arrest and indictment, which were proven in this case, and his resulting conviction in 1979 for those offenses, as noted in this court's opinion in *Raymond I*. As this court stated in *Raymond I*, "there simply is no other reasonable conclusion but that defendant was the Jack Raymond who pled guilty to robbery on March 26, 1979, and was sentenced to imprisonment on March 27, 1979, and subsequently paroled. Accordingly, there is no merit to the assignment of error."

While we are aware this court has been reluctant, due largely to due process concerns, to take judicial notice of facts at the appellate level of proceedings, for several reasons we nonetheless are compelled in the somewhat unique circumstances of this case to take judicial notice of our own opinion in *Raymond I*. Initially, the state raised the issue in its response to defendant's appellate brief. As a result, defendant, who filed a reply brief, had the opportunity to explain why the fact at issue was subject to reasonable dispute. Defendant, however, summarily dismissed the state's suggestion without setting forth reasons for not taking judicial notice of *Raymond I*. Secondly, the evidence in this case, combined with this court's opinion in *Raymond I*, leaves at best little room for disputing the fact at issue here, an observation that likely explains defendant's failure to respond to the state's request

> that we take judicial notice of the adjudicative facts in *Raymond I*. Finally, as Evid.R. 201(E) provides, "[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice. * * * In the absence of prior notification, the request may be made after judicial notice has been taken." Should defendant perceive an avenue to dispute the fact at issue that we have not recognized, defendant may file a supplemental brief to address it.
>
> Based on the evidence presented in the trial court, as well as the matters set forth in *Raymond I*, of which we take judicial notice, defendant's first assignment of error is unpersuasive. Because, with judicial notice taken, the evidence is sufficient to establish defendant's 1979 conviction for an offense of violence, we overrule defendant's first assignment of error.

*State v. Raymond*, No. 08AP-78, 2008-Ohio-6814, 2008 Ohio App. LEXIS 5713, ¶¶ 5-21. Thus the court of appeals accepted Raymond's premise – State's Ex. 17 did not comply with Ohio R. Crim. P. 32(C) – but not his conclusion – that this failure was fatal to proving he had a prior conviction sufficient under the statute.

Raymond's counsel moved for reconsideration, asserting that Ohio courts may not take judicial notice of proceedings in other cases (Motion, Return of Writ, Doc. No. 10, Ex. 16, PageID 197-199). However, the Court of Appeals declined to change its conclusions (Memorandum Decision, Return of Writ, Doc. No. 10, Ex. 20, PageID 239-245).

Raymond, still represented by counsel, appealed to the Ohio Supreme Court raising five propositions of law, all related to the court of appeals' having taken judicial notice of its prior decision involving him (Memorandum in Support of Jurisdiction, Return of Writ, Doc. No. 10, Ex. 22, PageID 249). As noted above, the Ohio Supreme Court declined to take jurisdiction. *State v. Raymond*, 121 Ohio St. 3d 1476 (2009).

Respondent asserts that Petitioner has procedurally defaulted his First Ground for Relief because he did not fairly present it to the state courts (Return of Writ, Doc. No. 10, PageID 67-

68). To be sure, to preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied*, 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99 (1995); *Riggins v. McMackin*, 935 F.2d 790 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009). If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

The Court concludes Petitioner fairly presented his First Ground for Relief to both the Tenth District Court of Appeals and the Ohio Supreme Court. In both of those courts and in this Court, his claim is that his conviction on the repeated violent offender specifications is not supported by sufficient evidence. When he appealed from the court of appeals to the Ohio Supreme Court, he did not adopt a different theory, he merely specified or sharpened his claim to address the court of appeals' decision. The First Ground for Relief is not procedurally defaulted.

However, Petitioner is not entitled to relief on his First Ground for the following reasons. First of all, he is correct that a state criminal conviction must be based on proof beyond a reasonable doubt of every element of the offense or, in this case, the sentence-enhancing specification. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th

Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a

> petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

In this case, the element Petitioner claims was not proved beyond a reasonable doubt is that he was previously convicted of an offense which counts as a violent offense under Ohio law. While the Fourteenth Amendment as interpreted in *Jackson* requires that State to prove that element beyond a reasonable doubt, it does not specify what proof a State may rely on. In particular, no Supreme Court precedent says that a state court cannot find a prior conviction exists by taking judicial notice of the fact. The Fourteenth Amendment actually has little to say about the kind of evidence on which a State may rely to prove facts. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). And even if the court of appeals was wrong as a matter of Ohio law that it was permitted to take judicial notice of its own prior proceedings, that would not violate the United States Constitution. Whereas an appellate court on habeas review decides federal law questions *de novo*, the federal reviewing court is generally bound by state court interpretations of state law. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas

corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598, (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36, (6th Cir. 1999); *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).

Evidentiary questions such as the proper taking of judicial notice generally do not rise to the constitutional level unless the error was so prejudicial as to deprive a defendant of a fair trial. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983); *Bell v. Arn*, 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975). Where an evidentiary error is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief. *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007); *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), *citing Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2000). Courts have, however, defined the category of infractions that violate fundamental fairness very narrowly. *Bugh*, 329 F.3d at 512*, citing Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993)(*quoting Dowling v. United States*, 493 U.S. 342, 352 (1990). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000)(*quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

There is nothing fundamentally unfair about a court's taking judicial notice of a prior conviction which had been proved to it in a prior case. Petitioner does not suggest that he is not in fact the person who was the defendant in the prior case or that he had not in fact been convicted. His initial claim was that the proof was insufficient because of technicalities regarding the form of prior judgment. The court of appeals decided he was right on the technicality, but that conformity with Ohio R. Crim. P. 32(C) was not the only way to prove a

prior conviction. That is strictly a matter of Ohio law. Providing for proof by an alternative method does not violate the United States Constitution. Therefore the First Ground for Relief should be denied.

**Ground Two: Actual Innocence**

In his second Ground for Relief, Raymond asserts he is actually innocent in that (1) the victim misdescribed him and (2) he has alibi witnesses who can prove his innocence. His argument in his Memorandum in support of the Petition is that the victim was at first 100% sure of his identification of a co-defendant Crowell and then recanted that identification of Crowell (Memorandum, Doc. No. 7, PageID 57). Petitioner reasons that if the victim could be wrong about Crowell, he could also be wrong about Raymond. Petitioner also reiterates the testimony of his four alibi witnesses at trial. *Id.* at PageID 55-56.

Petitioner's Second Ground for Relief is properly characterized as a "substantive" or "free-standing" claim of actual innocence. That is, Petitioner asserts he cannot any longer be constitutionally imprisoned because he is in fact innocent of the crimes of which he was convicted.

Moreover, Petitioner presents no new evidence of actual innocence. He contends he must be found actually innocent on the basis of the evidence presented to the jury. In essence, he asks the federal habeas court to look at the evidence presented at trial and find on the basis of that evidence that he is not guilty.[2]

[2] Petitioner admits he does not have new evidence to support this claim. (Memorandum, Doc. No. 14, PageID 326.) If he were offering new evidence, he would face a procedural default bar, because he never presented any evidence in state court beyond the original trial court record by way a petition for post-conviction relief under Ohio Revised Code § 2953.21.

Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001). The Supreme Court has twice suggested that a "truly persuasive demonstration" of actual innocence would render a petitioner's execution unconstitutional. *Herrera v Collins*, 506 U.S. 390, 417 (1993); *House v. Bell,* 547 U.S. 518 (2006). This is not a capital case and in any event the Supreme Court has never held, as opposed to suggesting, that a substantive actual innocence claim is cognizable in habeas corpus.

The Supreme Court has recognized that a persuasive claim of actual innocence can be used to excuse a procedural default so that a habeas court can reach the merits of an underlying constitutional claim. *House v. Bell, supra; Schlup v. Delo,* 513 U.S. 298 (1995). However, those procedural actual innocence claims must be supported by new evidence that was not heard at trial.

As noted, Petitioner admits that he has no new evidence. In effect, he wants this Court to supplant the jury and, without ever having had a chance to appreciate the demeanor of witnesses, to find all the jurors were wrong. This would turn American criminal jurisprudence on its head, replacing the jury trial with a single federal judge's estimate of the value of the evidence. There is no support in Supreme Court jurisprudence for that proposition.

Because the Supreme Court has never recognized a substantive actual innocence claim, Petitioner's Second Ground for Relief should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that an appeal would not be taken in objective good faith.

November 7, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).