IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

JACK RAYMOND, JR.,

    Petitioner,

Case No. 2:10-cv-187

  -vs-

District Judge Gregory L. Frost
Magistrate Judge Michael R. Merz

MICHAEL SHEETS, Warden, Ross
 Correctional Institution

    Respondent.

---

### SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 21) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 18) recommending that the Petition be dismissed.  District Judge Frost has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 22).

**Objection One:  AEDPA Deference is Unconstitutional**

The Report recites this Court's obligation under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") to defer to state court conclusions on federal constitutional claims litigated in the state courts unless those conclusions are contrary to or objectively unreasonable applications of clearly established United States Supreme Court precedent (Report, Doc. No. 18, PageID 343, et seq.)  In fact, in cases involving challenges to the sufficiency of the evidence, the Report notes that two levels of deference are

1

required.  *Id. citing Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Petitioner's first Objection is that 28 U.S.C. § 2254(d)(1) as enacted by AEDPA "violates the separation of powers doctrine and is unconstitutional."  (Objections, Doc. No. 21, citing W*illiams v. Taylor*, 529 U.S.362, 387 (2000)(Stevens, J., concurring); *Davis v. Straub*, 445[1] F.3d 908 (6th Cir. 2006)(Martin, joined by Daughtrey, Moore, Cole and Clay, dissenting from denial of rehearing en banc); and *Crater[2] v. Galaza*, 508 F. 3d 1261 (9th Cir. 2007)(Reinhardt dissenting from denial of rehearing en banc.)

The opinion of the Supreme Court in *Williams v. Taylor* was divided.  Justice Stevens delivered the decision of the Court with respect to the entire case except for Part II on which Justice O'Connor delivered the opinion.  No Justice suggested that the AEDPA was unconstitutional.  Rather, Justice Stevens' opinion as to Part II, while it reiterates the general standard that a federal court's judgment of what federal law, and particularly the Constitution, means must be independent, does not hold that federal courts, as a matter of separation of powers or any other constitutional doctrine, are empowered to issue the writ whenever they find a constitutional violation occurred in the conviction process.  Part II instead suggests the AEDPA did not change the pre-existing standard of *de novo* review.  But Part II of Justice Stevens' opinion is not the judgment of the Court.  Instead, Justice O'Connor's opinion as to Part II is the judgment of the Supreme Court and it has been cited repeatedly as stating the law, to wit, that AEDPA requires deference to state court decisions of constitutional claims unless the decision is contrary to or an objectively unreasonable application of Supreme Court precedent.  See *Harrington v. Richter,* 562 U.S. ___, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002).

---

[1] Cited by Petitioner as Volume 446 F.3d. 908 (See Objections, Doc. No. 21, PageID 354).
[2] Cited by Petitioner as *Carter v. Galaza.*

Judge Martin's dissent in *Davis, supra,* does not suggest that the AEDPA is unconstitutional on its face, but merely that if it is interpreted as narrowly as Judge Martin's colleagues interpreted it in this case, it would both violate the constitutional separation of powers doctrine and also the Suspension Clause. 445 F.3d at 911-912.

Judge Reinhardt's dissent in *Crater, supra*, does flatly contend that § 2254(d)(1) is unconstitutional on its face. 508 F.3d at 1261.

The Magistrate Judge understands that Petitioner has presented this constitutional argument in order to preserve it for appeal (Objections, Doc. No. 21, PageID 353). Because Petitioner's position does not represent the law in this circuit or in any other circuit nor would any reasonable jurist suggest that it is the law anywhere in the United States at this time, he should be denied a certificate of appealability on his claim that AEDPA is unconstitutional. Should the Sixth Circuit believe it is an appropriate time to reconsider this question, it has independent authority to grant a certificate of appealability and Raymond may request such a certificate from that court.

**Objection Two:  Insufficiency of the Evidence**

Petitioner's first Ground for Relief is that he was convicted of being a repeat violent offender on insufficient evidence. These two specifications to other charges were tried to the bench rather than the jury.

On direct appeal Petitioner argued this claim by noting that the judgment entry from the prior case (State's Exhibit 17) did not have the judge's signature or a time stamp showing when it was journalized. He argued that it therefore did not meet Ohio evidentiary standards for

proving a prior conviction, in this case one from 1979. The Tenth District Court of Appeals held on direct appeal that

> A "judgment" that complies with the requirements of Crim. R. 32(C) is not the only manner of establishing the offender's prior conviction pursuant to R.C. 2945.75. See, generally, *State v.Raymond* (Nov. 9, 1989), Franklin App. No. 89AP-356, 1989 Ohio App. LEXIS 4194 ("Raymond I"). The plain language of the statute allows, but does not require, the use of a "certified copy of the entry of judgment" to prove a prior conviction. *State v. Ward* (1999), 130 Ohio App.3d 551, 559, 720 N.E.2d 603 (stating that "[a] certified copy of a judgment entry of a prior conviction is not the exclusive method to prove a prior conviction"); *State v. Chaney* (1998), 128 Ohio App.3d 100, 105, 713 N.E.2d 1118 (noting the statute "sets forth one way, but not the exclusive way, of proving prior convictions"); *State v. Frambach* (1992), 81 Ohio App.3d 834, 843, 612 N.E.2d 424 (observing that "R.C. 2945.75[B] sanctions merely one means of proving a prior conviction but not the only one"); *State v. Cotton* (July 14, 1994), Cuyahoga App. No. 64361, 1994 Ohio App. LEXIS 3134, citing *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361 (concluding defendant's stipulation to fact of prior conviction is sufficient to sustain the enhancement of his sentence).

*State v. Raymond*, No. 08AP-78, 2008-Ohio-6814, 2008 Ohio App. LEXIS 5713, ¶ 12 (Ohio App. 10th Dist. Dec. 23, 2008). In other words, the Court of Appeals held a judgment complying with Ohio R. Crim. P. 32(C) is a sufficient, but not a necessary way of proving a prior conviction under Ohio law. Nevertheless, the Court of Appeals held the State had not, absent the judgment of conviction, presented sufficient evidence in the trial court to establish the prior conviction. *Id.* at ¶ 13.

Having reached that conclusion, the Court of Appeals, on the State's motion, took judicial notice of the adjudicative fact of the prior conviction of Petitioner as a fact found in *State v.Raymond* (Nov. 9, 1989), Franklin App. No. 89AP-356, 1989 Ohio App. LEXIS 4194. *Id.* at ¶¶ 15-21.

The Report noted that Petitioner had not cited any United States Supreme Court

precedent which proscribed a finding of evidentiary sufficiency on the basis of judicial notice of some of the adjudicative facts. (Report, Doc. No. 18, PageID 344-346.) Here the Federal Rules of Evidence parallel those of Ohio in providing that judicial notice may be taken of adjudicative facts under appropriate circumstances.

Petitioner objects that judicial notice was neither requested nor taken at the trial court level (Objections, Doc. No. 21, PageID 357). In particular he argues "[i]t is not for a reviewing court to step outside of its jurisdiction and produce evidence on appellate review when the state failed to produce it at trial." *Id.*. However, there is nothing in the United States Constitution which forbids a State to allow its appellate courts to take judicial notice of adjudicative facts, particularly where, as here, the issue in question was not being decided by a jury. Under *Jackson v. Virginia, supra,* and its progeny, it is the state court record as a whole which must contain sufficient evidence to support the conviction.

The Magistrate Judge again concludes the first Ground for Relief is without merit.

## Objection Three: Actual Innocence

In his Second Ground for Relief, Petitioner asserted he is actually innocent of the offenses of which he was convicted. The Magistrate Judge characterized this as a "stand alone" actual innocence claim which has not been accepted by the United States Supreme Court. Furthermore, Petitioner presented no new evidence of actual innocence.

The Magistrate Judge recommended this claim be denied. Petitioner has presented only a conclusory objection: "Petitioner Raymond respectfully objects to this conclusion [thast he is not entitled to relief on his second ground]." (Objections, Doc. No. 21, PageID 358.) A general

5

objection has the same effect as a failure to file altogether. *Howard v. Sec. of HHS,* 932 F.2d 505, 508-09 (6th Cir. 1991).

### Objection Four:  Certificate of Appealability on Ground One

Finally, Petitioner objects to the recommendation that he not be granted a certificate of appealability as to Ground One.  It is of course rare for a court of appeals to take judicial notice of an adjudicative fact in a criminal case and reasonable jurists could debate whether or not it is constitutionally proper.  However, Petitioner can prevail on the claim only if he can show that the court of appeals decision is contrary to or an objectively unreasonable application of a Supreme Court precedent that has already been clearly established.  In other words, even if Petitioner were to persuade the United States Supreme Court in this very case that judicial notice was unconstitutional, he could not point to any past case in which the Court had so held.  Therefore a certificate of appealability should be denied on Ground One as originally recommended.

January 8, 2013.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).