IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACK RAYMOND, JR.,

      CASE NO. 2:10-CV-187

  Petitioner,       JUDGE GREGORY L. FROST

  v.

MICHAEL SHEETS, WARDEN,

  Respondent.

### OPINION AND ORDER

On January 8, 2013, the Magistrate Judge filed a *Supplemental Report and Recommendation* denying Petitioner's *Objections* to the Magistrate Judge's November 18, 2012, *Report and Recommendation.* In the *Supplemental Report and Recommendation*, the Magistrate Judge recommended that the instant petition for a writ of habeas corpus be dismissed with prejudice and that Petitioner be denied a certificate of appealability. (ECF No. 23.) Petitioner has filed *Objections* to the Magistrate Judge's *Supplemental Report and Recommendation,* to which Respondent has responded. For the reasons that follow, Petitioner's *Objections t*o the *Supplemental Report and Recommendation* are **OVERRULED.** The *Supplemental Report and Recommendation* and original *Report and Recommendation* are **AFFIRMED.** This action hereby is **DISMISSED.** The Court denies any request for a certificate of appealability and certifies that an appeal would not be taken in objective good faith.

In his most recent filing objecting to the Supplemental Report, Petitioner renews his prior objections. Specifically, Petitioner contends that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the State failed to introduce constitutionally sufficient evidence to sustain his violent offender specifications, and that, liberally construing his objections, he did not file an unduly

vague or general objection to the Magistrate Judge's recommendation of dismissal of his claim of actual innocence. Petitioner additionally objects to the Magistrate Judge's recommendation that a request for certificate of appealability be denied on his claims.

In his federal habeas corpus petition, Petitioner asserts that the evidence was constitutionally insufficient to establish the elements of his repeat violent offender specification (claim one); and that he is actually innocent (claim two). The Magistrate Judge recommended dismissal of both of these claims on the merits.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000)(recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* 484 (quoting *Barefoot*, 463 U.S. at 893 & n.4).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons already detailed by the Magistrate Judge, this Court likewise concludes that reasonable jurists would not debate whether Petitioner's claims should have been resolved differently. As noted by the Magistrate Judge, the United States Supreme Court does not proscribe a finding of sufficiency of the evidence on the basis of judicial notice of an adjudicative fact. Moreover, nothing in the Constitution forbids a State from allowing its appellate courts to take judicial

notice of adjudicative facts. Furthermore, as previously discussed, Petitioner failed to indicate any specific basis for his objection to the Magistrate Judge's recommendation of dismissal of his claim of actual innocence on the merits. He thereby has waived his right to appeal this claim. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Finally, the Court is not persuaded that reasonable jurists would debate whether the Magistrate Judge properly recommended the denial of Petitioner's argument that the Antiterrorism and Effective Death Penalty Act violates the Constitution, as no federal court to date has reached such a conclusion.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith.

In sum, Petitioner's *Objections t*o the *Supplemental Report and Recommendation* (ECF No. 24) are **OVERRULED.** The *Supplemental Report and Recommendation* (ECF No. 23) and *Report and Recommendation* (ECF No. 18) are **AFFIRMED.** This action hereby is **DISMISSED.** The Court denies any request for a certificate of appealability and certifies that an appeal would not be taken in objective good faith.

**IT IS SO ORDERED**.

    /s/   Gregory L. Frost
GREGORY L. FROST
United States District Judge